UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMANE SMITH<br><br>            Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>            Defendant. | Case No.: 18cv2322 JAH (AGS)<br><br>**ORDER:**<br><br>**1. GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**2. DENYING MOTION TO APPOINT COUNSEL [Doc. No. 3];**<br><br>**3. DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 1]** |

## INTRODUCTION

On October 9, 2018, Charmane Smith ("Plaintiff"), proceeding *pro se*, filed a complaint seeking damages against Midland Credit Management, Inc. ("Defendant") for violation of the Fair Debt Collection Practices Act ("FDCPA") codified as 15 U.S.C. § 1692-1692p. Civil filing fees, as required by 28 U.S.C. § 1914(a), were not paid at the time of filing. Instead, a motion for leave to proceed *in forma pauperis* ("IFP") was filed, pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. Plaintiff also filed a motion to appoint

1

counsel. Doc. No. 3. After a careful review of the pleadings, exhibits and motions and for the reasons set forth below, the Court (1) **GRANTS** the motion for leave to proceed IFP, [Doc. No. 2]; (2) **DENIES** the motion to appoint counsel [Doc No. 3], and (3) **DISMISSES** the Complaint, [Doc. No. 1], without prejudice, and with leave to amend.

## DISCUSSION

**I.  Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of Plaintiff's motion, she has submitted an application to proceed in district court without paying fees or costs. *See* Doc. No 2. The application indicates that Plaintiff is currently unemployed and has earned no job-related income during the past twelve months. Doc. No. 2 at 1-3. Plaintiff receives no income from real property, investments, retirement accounts, gifts, or alimony. *Id*. at 1. Her sole source of income is social security disability benefits in the amount of $750.00. *Id*. at 2. She receives an additional $150.00 in public assistance for food and groceries. *Id*. Her average monthly expenses total $934.00, exceeding her total monthly income. *Id*. at 4-5. She indicates no other assets of value. *Id*. at 2-5.  Based on these representations, the Court finds Plaintiff is

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

unable to pay the statutory filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984); see *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly

3

be cured by the allegation of other facts. See *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## B. Insufficiency of the Complaint

To state a FDCPA claim, a plaintiff must allege facts sufficient to establish: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) Defendant qualifies as a "debt collector"; (3) Plaintiff is a "consumer"; and (4) Defendant violated at least one subsection of the FDCPA (§§ 1692b through 1692j, inclusive). *Pratap v. Wells Fargo Bank, N.A*., 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014). The term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ..." 15 U.S.C. § 1692a(5); see also *Bloom v. I.C. Sys. Inc*., 972 F.2d 1067, 1068–69 (9th Cir.1992) (explaining that the FDCPA applies to debts incurred for personal rather than commercial reasons). The term "debt collector" is defined as "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, the Complaint fails to allege sufficient facts to state a claim for relief under 15 U.S.C. § 1692, *et seq.* Although Plaintiff lists specific actions taken by Defendant, the Compliant does not allege facts that: (1) the debt in question arises out of a transaction entered into for personal family, or household purposes, (2) Defendant's principal purpose is the collection of debt, or (3) that Defendant is either collecting such debt on behalf of another or collecting its own debt under a different name or alias. Equally as important, Plaintiff fails to specify which subsection of the FDCPA, set forth under 15 U.S.C. §§ 1692b through 1692j, Defendant violated. For these reasons, the Complaint must be dismissed for failure to state a claim.

### III. Motion for Appointment of Counsel

Plaintiff moved for appointment of counsel [Doc No. 3]. In doing so, she expresses that she lives out of state and has limited financial resources. She notes that Defendant is a large corporation and that she requires professional legal assistance to resolve this ongoing dispute.

The motion was brought pursuant to paragraph (e)(1) of section 1915, which provides that a court "may request an attorney to represent any such person unable to employ counsel." 28 U.S.C § 1915 (e)(1). However, the authority of a court to appoint counsel is discretionary and there exists no statutory or constitutional right for an indigent to have counsel appointed in a civil case. *Willbourn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

> Counsel may be appointed under [1915(e)(1)] only in 'exceptional circumstances' which requires an evaluation of both: (1) the likelihood of success on the merits, and (2) the ability of petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive and both must be viewed together. (Citations omitted)

*Collier v. Pickett*, No. C-94-20065-RMW, 1995 WL 274186, at *1 (N.D. Cal. May 9, 1995) (citing *Willbourn*, 789 F.2d at 1331). Even assuming Plaintiff's limited financial resources and inability to articulate her claims, the Court finds appointment of counsel in the instant action unwarranted. In light of this Court's determination that Plaintiff has failed to state a claim for relief, the Court also finds that Plaintiff has not shown a likelihood of success on the merits of her case and therefore Plaintiffs motion to appoint counsel is DENIED. Should Plaintiff file an amended complaint curing the deficiencies stated herein, she may also request the Court reconsider her motion to appoint counsel.

### CONCLUSION AND ORDER

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plainitff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2] is **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel [Doc. No. 3] is **DENIED**;

5

3. The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. The Court **GRANTS** Plaintiff sixty (60) days leave, from the filing date of this Order, to file an amended Complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that should she choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rules 8(a) and that any claim not re-alleged will be considered waived. See S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED**.

DATED: April 30, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE